# United States District Court
# Central District of California

| | |
|---|---|
| RYAN KAVANAUGH,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA et al.,<br><br>Defendants. | Case №: 2:19-cv-02145-ODW (SSx)<br><br>**ORDER GRANTING MOTION TO REMAND [11]** |

## I.   INTRODUCTION

On January 28, 2019, Plaintiff Ryan Kavanaugh filed this insurance bad faith action in the Superior Court of California for the County of Los Angeles. (Notice of Removal Ex. B ("Compl."), ECF No. 1-2.)  Prior to the other defendants appearing, Defendant Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher") removed this matter based on federal diversity jurisdiction. (*See* Notice of Removal 2, 5–6, ECF No. 1.)  Kavanaugh moves to remand. (Mot. to Remand ("Mot."), ECF No. 11.)  For the reasons that follow, the Court **GRANTS** Kavanaugh's Motion and **REMANDS** this action to state court.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2019, Kavanaugh brought this action against Defendants National Union Fire Insurance Company of Pittsburgh, PA and Great American Insurance Company for their failure to defend him and/or extend coverage to him in three civil actions. (Compl. ¶ 2.) Additionally, and in the alternative, Kavanaugh brought claims against Gallagher and Chelsea Laing for professional negligence for negligently failing to broker and procure adequate insurance for him. (Compl. ¶¶ 3, 53, 55–56.) Laing acted as an "agent and/or broker and procured at least one of the policies at issue." (Compl. ¶ 3.)

On March 21, 2019, Gallagher removed this action based on federal diversity jurisdiction. (Notice of Removal 2.) Gallagher noted that, although Laing is a citizen of California, she was fraudulently joined and is a sham defendant, so her citizenship should be disregarded for purposes of diversity jurisdiction. (Notice of Removal 2, 3.) Kavanaugh now moves to remand on the basis that Laing is a proper defendant and can be held liable. (Mot. 5, 8–12.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

## IV. DISCUSSION

Gallagher invokes diversity jurisdiction as grounds for this Court's subject matter jurisdiction. (Notice of Removal 2.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The parties do not dispute the requisite amount in controversy. Accordingly, this Motion turns on whether complete diversity exists.

Kavanaugh argues that complete diversity does not exist because he and Laing are citizens of California. (*See* Mot. 6; Compl. ¶¶ 5, 9.) Gallagher does not dispute that Laing is a citizen of California. (*See* Opp'n to Mot. ("Opp'n) 2, ECF No. 13.) Thus, the issue is whether Laing is a proper party.

Complete diversity of citizenship is required to remove an action to federal court, except for "where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989) ("[A] non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

Courts recognize a strong presumption against fraudulent joinder, which must be "proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Consequently, the standard for establishing fraudulent joinder is more exacting than for dismissal for failure to state a

claim. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018); *see also Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL-AS, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder."). Thus, remand is necessary "[i]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint." *Revay*, 2015 WL 1285287, at *3 (internal quotation marks omitted); *see also Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) (alteration in original) ("[I]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand."). Courts should decline to find fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 549–50.

Here, Kavanaugh asserts a single claim against Laing for professional negligence. (*See* Compl. ¶¶ 50–56.) Gallagher takes the position that Laing's status as an employee of Gallagher precludes any personal claims against her. (Opp'n 4–5.)

In California, "[w]here the agent contracts in the name of the insurer and does not exceed that authority, the insurer is liable, and not the agent." *Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg. Corp.*, 12 Cal. App. 4th 1249, 1257–58 (1993). However, "[i]f a dual agency exists, the law does not foreclose recovery by the insured." *Id.* at 1258; *see also Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1298 (C.D. Cal. 2000) (recognizing the "dual agency" exception to the general rule for holding agents liable).

Gallagher's Opposition does not actually dispute that an agent can be held liable under the dual agency principle. Instead, Gallagher argues that "Laing is authorized to transact business on behalf of [Gallagher]. Her business address is at the [Gallagher] offices." (Opp'n 4.) However, this does not address Kavanaugh's

allegation that Laing was acting as a dual agent for both Kavanaugh and Gallagher. (Mot. 8.) Moreover, in a section entitled "Something As A Header," Gallagher points to *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d (E.D. Cal. 2010) for the proposition that a company employee cannot be held personally liable. (Opp'n 7.) However, *Nasrawi* is not a case involving an insurance agent undertaking a dual agency role; nor does it involve insurance at all. *Nasrawi* is not on point.

Gallagher has not met its burden of demonstrating by clear and convincing evidence that a jury could not possibly find Laing liable under a dual agency principle. "[I]f there is any possibility that the state law might impose liability on a resident . . . in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Revay*, 2015 WL 1285287, at *3 (internal quotation marks omitted). Based on the allegations in the Complaint, Laing faces potential liability, and her status as an employee of Gallagher does not shield her from such liability. Laing is not a sham defendant, and the Court cannot discount her citizenship. Accordingly, the Court lacks subject matter jurisdiction.

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the Superior Court of California for the County of Los Angeles, Case No. 19STCV02868 located at 111 North Hill Street, Los Angeles, California 90012. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 15, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**